| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

CRENSHAW ENTERPRISES, LTD. §
*d/b/a* TIGER INDUSTRIAL RENTALS, §
§
        Plaintiff, §
§
*versus* §    CIVIL ACTION NO. 1:17-CV-322
§
IRABEL, INC., §
§
        Defendant. §

**MEMORANDUM AND ORDER**

Pending before the court is Jon Malone's (the "Receiver" or "Malone") Motion for Reconsideration of the Court's Order (#52), wherein Malone requests that the court vacate its existing Memorandum and Order (#50), which transfers the above-styled case to the Western District of Texas, San Antonio Division, and enter the proposed order (the "Proposed Order") (#31-1) attached to Irabel, Inc.'s ("Irabel") Motion to Transfer Venue (#31). The Receiver argues that the court erred by not entering the Proposed Order because it reflects concessions made by all parties, except for Cross-Defendant Carousel Specialty Products ("Carousel"), and, by failing to grant the Proposed Order, the court has deprived the parties of the opportunity to oppose or object to the transfer of venue. After considering the motion, the pleadings, and the applicable law, the court is of the opinion that the Receiver's motion should be denied.

I.    Background

The Federal Deposit Insurance Corporation (the "FDIC"), as receiver for First NBC Bank, removed this action on July 26, 2017. On October 26, 2017, Irabel filed its Motion to Transfer Venue (#31), wherein it petitioned the court to transfer the instant case to the Western District of

Texas, San Antonio Division. The Proposed Order (#31-1), filed concurrently with the motion, contained numerous dispositive conditions to the transfer, such as the dismissal of certain parties and the stipulation that certain claims could no longer be asserted. While the conditions were expressly enumerated in the Proposed Order, Irabel did not brief the matters beyond a conclusory statement that both Crenshaw Enterprises, Ltd. ("Crenshaw") and the Receiver had been paid and, thus, should be dismissed from this action. Carousel asserted, in response, that neither Crenshaw, nor the Receiver should be dismissed at this stage of the proceeding because Carousel had paid the Receiver $145,201.00 for an asset involved in the matter and may seek to recover that amount. Almost three months later, on January 18, 2018, the court entered its Memorandum and Order (#50) finding that the transfer of this case to the Western District of Texas, San Antonio Division was warranted. The court did not, however, enter the Proposed Order, specifically concluding that the submissions of the parties lacked sufficient briefing on the conditions, given the opposition to the Proposed Order and the dismissal of both Crenshaw and the Receiver. Further, the court noted that the parties were aware of the motion to transfer venue, as evidenced by the certificate of conference, but no party, aside from Crenshaw and Irabel, filed responses delineating their specific positions on the transfer. The Receiver now asks the court to vacate the Memorandum and Order and enter the Proposed Order (#31-1) submitted with Irabel's Motion to Transfer Venue (#31).

II.     Analysis

In his instant motion, the Receiver does not assert a legal standard under which the court should consider his claims; however, because the Memorandum and Order was not a final judgment, the motion for reconsideration will be examined under Federal Rule of Civil Procedure

54(b). *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (finding that when the order was not a part of a final judgment in the case, the motion for reconsideration would be analyzed under Rule 54(b)).

Rule 54(b) provides that any order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). A district court's power to modify or reverse a previous non-final judgment is discretionary. *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014); *Holoway v. Triola*, 172 F.3d 866, No. 98-30529, 1999 WL 129656, at *1 (5th Cir. Feb. 2, 1999) ("It is a well established rule of trial procedure that a district court may reconsider and reverse a previous interlocutory order at its discretion"); *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). Where, as here, the decision at issue is interlocutory in nature, the court "may reconsider and reverse for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Jackson v. Roach*, 364 F. App'x 138, 139 (5th Cir. 2010) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc)); *U.S. Bank Nat'l Ass'n v. Borunda*, No. EP-15-CV-109-PRM, 2016 WL 2625287, at *2 (W.D. Tex. May 5, 2016). In other words, "[i]nterlocutory orders . . . are not within the provisions of [Rule] 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires." *McKay*, 751 F.3d at 701

(quoting *Zimzores*, 778 F.2d at 266). Moreover, under Rule 54(b), "a district court may reconsider or revise its prior orders without the timing restrictions and jurisdictional constraints that limit the court's authority to amend a judgment under Rules 59(e) and 60(b)." *WorkSTEPS, Inc. v. ErgoSci., Inc.*, 88 F. Supp. 3d 752, 758 (W.D. Tex. 2015) (citing *eTool Dev., Inc.*, 881 F. Supp. 2d at 748).

Although Rule 54(b) expressly authorizes a district court to revisit an interlocutory order, courts differ in their standard of review. *See, e.g*, *Borunda*, 2016 WL 2625287, at *2 ("Neither Rule 54(b) nor the Fifth Circuit articulates a standard by which to decide whether reconsideration is merited."). For example, courts sometimes apply the more stringent principles associated with a motion under Rule 59(e). *Compare Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 395 (E.D. La. 2016) (applying the Rule 59(e) standard when revisiting an order denying a motion to dismiss); *Morgan v. Plano Indep. Sch. Dist.*, No. 4:04-CV-447, 2008 WL 686711, at *1 (E.D. Tex. Mar. 10, 2010) (applying Rule 59(e) standard when revisiting order granting partial summary judgment); *with Jackson*, 364 F. App'x at 139 (stating that "the trial court may reconsider and reverse [an interlocutory order] *for any reason it deems sufficient*, even in the absence of new evidence or an intervening change in . . . the law" (emphasis added)); *Compaq Computer Corp. v. Ergonome, Inc.*, No. H-97-1026, 2001 WL 34104829, at *1 n.2 (S.D. Tex. June 26, 2001) (finding reconsideration of an interlocutory order "not subject to the standards that govern motions for reconsideration from a final judgment"). Further, based on the lack of a clear standard in Rule 54(b) or an express standard announced by the Fifth Circuit, some district courts have found guidance in the standards used by other district courts, particularly district courts in the District

of Columbia.[1] *Borunda*, 2016 WL 2625287, at *2. In any event, the Fifth Circuit has made it clear that "[i]nterlocutory orders . . . are not within the provisions of Rule 60(b)." *McKay*, 751 F.3d at 701; *Namer*, 314 F.R.D. at 393.

Still, despite a definitive standard, courts in this circuit have generally applied the guiding principles of the Rule 59(e) analysis to motions for reconsideration under Rule 54(b). *See, e.g.*, *eTool Dev., Inc.*, 881 F. Supp. 2d at 749; *Triton Tech. of Tex., LLC v. Nintendo of Am., Inc.*, No. 2:10-CV-328, 2012 WL 2036411, at *1 (E.D. Tex. June 6, 2012); *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007); *Resolution Tr. Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994). Motions to reconsider should "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)); *WorkSTEPS, Inc.*, 88 F. Supp. 3d at 758; *eTool Dev., Inc.*, 881 F. Supp. 2d at 749 (quoting *Helena Labs. Corp.*, 483 F. Supp. 2d at 539). Further, motions to reconsider "should not be used to raise arguments that could, and should, have been made before entry of judgment." *Helena Labs., Inc.*, 483 F. Supp. 2d at 539; *Resolution Tr. Corp.*, 846 F. Supp. at 1316. Moreover, "litigants are expected to present their strongest case when the matter is first considered." *Kazmi v. BAC Home Loans Servicing, LP*, No. 4:11-CV-375, 2012 WL 1899556,

---

[1] Courts in the District of Columbia utilize an "as justice requires standard" in which the court, within its discretion, considers whether reconsideration is necessary based on the relevant circumstances. *Borunda*, 2016 WL 2625287, at *2 (citing *DeGeorge v. United States*, 521 F. Supp. 2d 35, 39 (D.D.C. 2007)); *Cobell v. Norton*, 335 F. Supp. 2d 531, 538-39 (D.D.C. 2005). Some relevant circumstances include "whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *Borunda*, 2016 WL 2625287, at *2 (quoting *DeGeorge*, 521 F. Supp. 2d at 39).

at *1 (E.D. Tex. May 24, 2012) (quoting *State of La. v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)). Court orders are not "mere drafts," nor subject to "reconsideration at the litigant's pleasure." *eTool Dev., Inc.*, 881 F. Supp. 2d at 749 (quoting *Verdin v. Fed. Nat'l Mortg. Ass'n*, No. 4:10-CV-590, 2012 WL 2803751, at *1 (E.D. Tex. July 10, 2012)). Thus, to succeed on a motion to reconsider under Rule 54(b), the moving party must show: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *Farquhar v. Steen*, 611 F. App'x 796, 800 (5th Cir. 2015); *Arrieta v. Local 745 of Int'l Bros. of Teamsters*, 445 F. App'x 760, 762 (5th Cir. 2011); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

In the case at bar, the Receiver's motion fails under all three prongs. First, the Receiver does not allege that there is a change in controlling law, nor that the controlling law employed by the court was inaccurate. Next, the Receiver fails to assert, or argue the existence of, new evidence that was previously unavailable. In fact, the Receiver quotes the original motion to transfer venue and the certificate of conference contained within it to support his motion. The evidence that the Receiver submits to the court is exactly the same evidence that the court considered in Irabel's motion.

The last consideration–whether there is a need to correct a clear error of law or prevent manifest injustice–is also unsatisfied. The Receiver does not maintain that there was any misapplication of law, much less a clear error of law. While the Receiver does not cite case law, nor a standard of review, the crux of his argument is that when the court granted a transfer of venue without entering the proposed order, the court was "unjust and unfair" and "deprived

6

parties, who made a good faith effort to compromise and agree on the language of the proposed order, of the opportunity to oppose or object to the transfer of venue and inform the Court of the merits of their position." The court finds this argument to be unsound. As noted in the court's Memorandum and Order, the dispositive aspects of the proposed order were not briefed for the court. Further, the only parties who filed any responses to the Motion to Transfer Venue were Carousel and Irabel. Irabel filed its Motion to Transfer Venue on October 26, 2017. That same day, Irabel served a copy of the motion on all parties, as stated in the motion's certificate of service. Nearly three months passed without the Receiver either filing a response or requesting leave to file a response. The court entered its Memorandum and Order on January 18, 2018. While the Receiver may now contend that he was unable to object to the transfer or inform the court of the merits of his position, as discussed above, the strongest arguments are to be made prior to a court's ruling. *Kazmi*, 2012 WL 1899556, at *1. The court cannot find that its decision deprived the parties of their opportunity to oppose or object when the Receiver failed to request such an opportunity. Indeed, motions for reconsideration should not be used "simply to correct a prior motion's inadequacies." *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, No. Civ.A.3:03-CV-2837, Civ.A.3:04-CV-0348-G, 2005 WL 827076, at *3 (N.D. Tex. Apr. 6, 2005).

The Receiver also argues that "even Carousel, which vigorously opposed the transfer of venue, did not oppose dismissal of the Receiver and Crenshaw from this action PRIOR to its transfer." The court notes that this assertion misstates Carousel's position. In its Response in Opposition to Motion to Transfer Venue (#39), Carousel maintains that since SBN V FNBC, LLC, who has subsequently assumed the FDIC's interest, has a perfected security interest in the funds

deposited in the court registry, Carousel may have a claim against the Receiver if the disposition of the matter is not in its favor. Additionally, Carousel's position is set forth under the subheading "The Receiver and Crenshaw Cannot be Released until Carousel Recoups the money it Paid the Receiver." The court cannot credit the Receiver's contention that Carousel was unopposed when the evidence so strongly indicates the contrary.

Simply because the Receiver chose not to articulate his opposition or objection to the transfer of this case does not mean the court has deprived the parties of an opportunity to make their positions known. In fact, the evidence points to the opposite; the court did not rule on Irabel's motion to transfer venue for almost three months. Ample opportunity has been given to all parties, including the Receiver, to be heard on whether the transfer of this case is proper.

III.   Conclusion

Consistent with the preceding analysis, the court finds that the Receiver had considerable time to file responsive briefing and state its position on the motion to transfer venue, yet he failed to do so, and, therefore, granting the motion to transfer venue without entering the proposed order was not unjust or unfair. Accordingly, the Receiver's Motion for Reconsideration of the Court's Order Transferring Venue to the Western District of Texas (#52) is DENIED.

SIGNED at Beaumont, Texas, this 15th day of February, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE